**WO** KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francis A. Grandinetti, II, | No. CV 08-575-PHX-MHM (BPV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Bateman, et al., | |
| Defendants. | |

Plaintiff Francis A. Grandinetti, II, who is confined in the Corrections Corporation of America facility in Eloy, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the $350.00 filing fee or filed a complete Application to Proceed *In Forma Pauperis*.

**I.    "Three Strikes Provision" of 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases that were dismissed before the effective date of

1 § 1915(g), i.e., April 26, 1996, may be counted as qualifying dismissals or "strikes." Tierney
2 v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997). A prisoner barred from proceeding *in*
3 *forma pauperis* pursuant to § 1915(g) may proceed under the fee provisions of 28 U.S.C.
4 §§ 1911-14 applicable to everyone else. Adepegba v. Hammons, 103 F.3d 383, 388 (5th
5 Cir.1996).

6 More than three of the prior actions Plaintiff has filed in federal courts have been
7 dismissed as frivolous, malicious, or as failing to state a claim. See Grandinetti v. Iranon,
8 CV 96-101-HC (E.D. Tex. Jan. 26,1998); Grandinetti v. Iranon, CV 96-0118-TH (E.D. Tex.
9 Jul. 20, 1998); Grandinetti v. Bobby Ross Group, Inc., CV 96-117-TH (E.D. Tex. Mar. 5,
10 1999); and Grandinetti v. Luna, CV 01-1090-PHX-MHM (SLV) (D. Ariz. Aug. 3, 2001).

11 Accordingly, Plaintiff may not bring a civil action without complete pre-payment of
12 the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C.
13 § 1915(g).

14 **II.     Failure to Allege Imminent Danger of Serious Physical Injury**

15 In his Complaint, Plaintiff raises several issues about his ongoing medical care
16 including not receiving: "medical showers," "medical recreation," repeated lab testing for
17 various diseases, frequent "sick call interviews," hot food, or fresh air. Plaintiff also claims
18 that Defendants refuse to use long handcuffs on him. All of Plaintiff's claims relate to past
19 incidents or concern matters of routine medical care. Plaintiff has not alleged facts
20 demonstrating that he is in imminent danger of serious physical injury. Moreover, an
21 allegation of past harm does not constitute a credible allegation that Plaintiff is in imminent
22 danger of serious physical injury as required by 28 U.S.C. § 1915(g) in order for Plaintiff to
23 bring this action without complete pre-payment of the $350.00 filing fee. Accordingly, the
24 Complaint and this action will be dismissed without prejudice pursuant to 28 U.S.C.
25 § 1915(g) for failure to pre-pay the $350.00 filing fee. If Plaintiff wishes to reassert these
26 claims in the future, he must pre-pay the entire $350.00 filing fee when he files his action.
27 . . .
28

**IT IS ORDERED**:

(1) Plaintiff's March 25, 2008 Application to Proceed *In Forma Pauperis* (Doc. #3) is **denied**.

(2) Plaintiff's Complaint (Doc. #1) and this action are **dismissed** pursuant to 28 U.S.C. § 1915(g) without prejudice to Plaintiff filing a complaint in a new case accompanied by the full $350.00 filing fee.

(3) The Clerk of Court must enter judgment and close this case.

DATED this 14th day of April, 2008.

Mary H. Murgia
United States District Judge